CANNIZZARO, J.,
concurs with reasons.
hi concur in the result reached by the majority, but write separately to address an issue which I believe is worthy of consideration.
Mr. Russell’s lawsuit arises from an employment contract with both Hibernia Corporation and Hibernia Bank. Under the terms of that contract, both Hibernia Bank and Hibernia Corporation are solidary ob-ligors. Louisiana Civil Code Article 1801 places limitations on the defenses that can be raised by solidary obligors. It provides:
A solidary obligor may raise against the obligee defenses that arise from the nature of the obligation, or that are personal to him, or that are common to all the solidary obligors. He may not raise a defense that is personal to another solidary obligor. [Emphasis supplied.]
It is undisputed that the OCC had regulatory control only over Hibernia Bank not Hibernia Corporation at the time of the alleged breach of Mr. Russell’s contract. Hibernia Corporation’s defense in this matter-the final agency action by the OCC-is a defense personal only to Hibernia Bank. Thus, La. C.C. art. 1801 prohibits Hibernia Corporation from raising it as a defense.